## CHARLES R. RICHARDSON

*v*

## ANDREW SCHIRTZ *et al.*

FRAUD AND CIRCUMVENTION—*in obtaining the execution of a promissory note.*  In an action on a promissory note for the sum of $50.55, brought by an assignee thereof before maturity, against the maker and his surety, there was evidence introduced tending to show that at a public sale had by the payee of the note, the principal maker bought some hedge plants to the amount of $5.50; that the clerk of the sale wrote the note, and told the defendants at the time they signed it, in the presence of the payee, that it was for the sum of $5.50 and 5 cents for a stamp, making in all $5.55; that in belief of such statement of the clerk the defendants signed the note, not knowing it was for the sum of $50.55, and that they could not read English, the language in which the note was written: *Held,* such evidence tended to make out a case, not merely of fraud relating to the consideration of the note, but of such fraud and circumvention in obtaining its execution as, under the statute, avoided the note in the hands of a *bona fide* assignee before maturity.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a suit brought by Charles R. Richardson, as assignee of Thomas Meighan, against Andrew Schirtz and Henry Hershberger, upon a promissory note for the sum of $50.55,

314      RICHARDSON *v.* SCHIRTZ *et al.*     [Sept. T.,

Opinion of the Court.

written in the English language, executed by the defendants in favor of Meighan, and assigned by the latter to the plaintiff. The circuit court rendered judgment for the defendants, and the plaintiff appeals.

Mr. JOHN CLARK, for the plaintiff.

Mr. J. A. BRIGGS, for the appellees.

Per CURIAM: This was an action originally brought before a justice of the peace, in favor of an assignee, before maturity, upon a promissory note, for the sum of $50.55, signed by Schirtz and by Hershberger as his surety.

On the trial of the cause in the court below, on appeal, evidence was given tending to show that at a public sale, had by Thomas Meighan, the payee of the note, Schirtz purchased " hedge plants " to the amount of $5.50; that the clerk of the sale wrote the note, and told the signers at the time they signed it, in the presence and hearing of the payee, that it was for the sum of $5.50, and 5 cents for a stamp, making in all $5.55; that in the belief of the statement of the clerk, that the note was for the sum of $5.55, and not knowing that it was for the sum of $50.55, the note was signed.

There was also evidence tending to show that the signers of the note could not read English.

The evidence tended to make out a case, not merely of fraud relating to the consideration of the note, but of fraud and circumvention in obtaining the making or executing of the note, which, under our statute, avoids the note in the hands of a *bona fide* assignee before maturity. *Easter* v. *Minard,* 26 Ill. 495.

We have carefully examined the evidence, and are unable to say that it does not sustain the verdict.

And we do not perceive any substantial error in the giving or refusing of instructions. There being no other errors assigned, the judgment of the court below must be affirmed.

*Judgment affirmed.*